UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HAWKINS,

       Petitioner,

v.

       Civil No. 97-70656
       Crim. No. 89-CR-80335
       Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S
RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT AND
ENJOINING FURTHER FILINGS ABSENT LEAVE OF THE COURT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    June 22, 2006

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

This matter is before the Court on a motion in which Petitioner Robert Hawkins once again seeks relief under Fed. R. Civ. P. 60(b) from an amended judgment entered by the Court on November 2, 1998.[1] Although Petitioner asserts that his motion rests upon

---

[1]Petitioner is somewhat of an aficionado of Rule 60(b) motions and, more generally, of postjudgment motions in which he invites the Court to revisit issues that it has already decided. Since the Court entered its amended judgment in 1998, hardly a day has gone by that some such motion has not been pending on the docket in this case, with Petitioner immediately filing another motion as soon as the currently pending matter is resolved. Under these circumstances, the Court has little incentive to promptly decide Petitioner's motions, since such rulings inevitably are met with yet another filing in which Petitioner again raises the very same issues.

     Moreover, this pattern of abusive filings is not limited to this case. In a federal civil rights suit brought by Petitioner, along with his wife and children, against a number of government officials and newspapers, the Sixth Circuit recently issued an order enjoining

subsection (6) of Rule 60(b), it is quite clear, as discussed briefly below, that Petitioner must proceed, if at all, under subsection (1) of this Rule. That being the case, the Court readily concludes that Petitioner's motion is untimely, and that, in any event, it rests upon contentions that the Court long ago rejected as utterly without merit.

In his motion, Petitioner challenges two aspects of the Court's handling of his February 19, 1997 motion to vacate his sentence under 28 U.S.C. § 2255. First, Petitioner asserts that the Court erred in addressing only his challenge to his conviction under 18 U.S.C. § 924(c),[2] without also considering the various other claims he sought to pursue in his § 2255 motion. This contention is not unfamiliar to the Court, as it was (i) explicitly addressed in the Court's June 25, 1997 opinion and order granting in part Petitioner's motion to vacate his sentence, (ii) again rejected by the Court in orders denying Petitioner's motions for reconsideration of the June 25, 1997 ruling and for authorization to appeal from this ruling, and (iii) rejected yet again in the Court's March 14, 2000 opinion and order denying Petitioner's prior Rule 60(b) motion.

It should come as no surprise, then, that the Court elects to adhere to its repeated

---

Petitioner from filing any further pleadings or appeals without first obtaining leave of the court. In order to obtain such leave, Petitioner must show, among other things, that "the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court." Hawkins v. Czarnecki, No. 05-1878, 10/17/2005 Order at 2. As indicated below, the Court finds that a similar order is warranted here.

[2]Specifically, Petitioner argued that this conviction should be vacated in light of Bailey v. United States, 516 U.S. 137 (1995). In a June 25, 1997 opinion and order, the Court agreed that this conviction should be vacated, and this ruling resulted in the November 2, 1998 amended judgment that has been the subject of Petitioner's subsequent Rule 60(b) motions.

disposition of this issue.  Initially, while Petitioner cites subsection (6) of Rule 60(b) as the basis for his present motion — presumably because that subsection is not governed by the rigid one-year period of limitation that applies to motions brought under subsections (1) through (3) — this Court already has explained, in its March 14, 2000 opinion and order, that Petitioner's claim of legal error in a court's ruling is properly analyzed under the "mistake" clause of Rule 60(b)(1).  The applicability of subsection (1), in turn, forecloses Petitioner's appeal to subsection (6).  See McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002).  It further follows that Petitioner's motion, filed nearly six years after the entry of the challenged judgment, is exceedingly untimely.

Indeed, this Court already rejected *precisely this same challenge* as untimely in its March 14, 2000 opinion and order.  Plainly, the prospects for the success of this argument have not improved with age — to the contrary, the passing years only enhance the finality concerns that the time limits of Rule 60(b) are intended to address.  In any event, the Court has already (and repeatedly) rejected Petitioner's contention on the merits, and sees no reason to revisit these rulings here.[3]

---

[3]Notably, Petitioner has been unsuccessful in each of his varied and numerous appeals from this Court's rulings.  Indeed, he generally has failed to secure certificates of appealability from this Court or the Court of Appeals, evidencing the considered judgments of two courts that his present challenge lacks even arguable merit.

It also is worth noting that the authority cited by Petitioner does not aid his cause here.  Specifically, he cites a decision in which the Ninth Circuit held that an appellate court's authorization under 28 U.S.C. § 2244(b)(3) for the filing of a second or successive "application" extends to all claims asserted in this application, even if some of these claims might not meet the

Petitioner's next argument also is familiar. Specifically, he contends that his initial motion under 28 U.S.C. § 2255 should not be counted, so that his February 19, 1997 motion would qualify as his first brought under this statute.[4] Again, this Court already has rejected a similar attempt by Petitioner to construe his 1997 filing as his first under § 2255, explaining in its March 14, 2000 opinion and order that the Sixth Circuit's treatment of Petitioner's 1997 motion as "second or successive" established the law of the case that this Court is bound to follow. In any event, any legal error that might have been committed in this regard was embodied in the November 2, 1998 amended judgment. As

---

standards for second or successive challenges. See Nevius v. McDaniel, 104 F.3d 1120, 1121 (9th Cir. 1996). The Sixth Circuit has not adopted this rule, however.

More importantly, even under the Ninth Circuit rule, the courts still must decide whether ***each claim*** in a § 2255 petition meets the standards for mounting a second or successive challenge. The significance of the Ninth Circuit's decision lies in the particular ***court***, district versus appellate, that makes this gatekeeping determination. See 28 U.S.C. § 2244(b)(4) (mandating that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements" for a second or successive challenge); see also Nevius, 104 F.3d at 1121 (recognizing the district court's gatekeeping role under the statute); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (same). In this case, therefore, even if the Sixth Circuit had authorized the filing of the entirety of Petitioner's 1997 application, this Court would have been independently obligated to determine whether each claim in this application satisfied the standards for a second or successive § 2255 motion. There is no basis for believing that this Court's resolution of this matter would have differed from the Sixth Circuit's ruling, under which Petitioner was authorized to proceed only with his Bailey challenge.

[4]Petitioner evidently views this as an alternate route to the proposition addressed above — namely, that the Court should have considered all of the claims advanced in Petitioner's 1997 motion, and not just his Bailey challenge. Presumably, if this motion had been Petitioner's first under § 2255, there would have been no need to secure a threshold certification by the Sixth Circuit that one or more of Petitioner's claims satisfied the standards for a "second or successive" motion. This certification, in turn, formed the basis for this Court's conclusion in its June 25, 1997 opinion and order that it should address only the Bailey claim cited in the Sixth Circuit's order authorizing Petitioner to file a second motion under § 2255.

stated earlier, it is far too late to bring a Rule 60(b) motion challenging a "mistake" in this judgment.[5]

Finally, Petitioner has sought to supplement the two challenges in his initial motion with an appeal to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) — a decision which, of course, presaged the more recent and directly pertinent ruling in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Petitioner argues that his sentence transgressed the rulings in these cases, where this sentence was increased through the application of a number of mandatory Sentencing Guidelines enhancements that were based upon factual findings by the court rather than the jury.

Unlike the other issues advanced in Petitioner's motion, each of which merely revisits matters already addressed in this Court's prior rulings, Petitioner's Blakely/Booker challenge rests upon recent Supreme Court decisions which, in Petitioner's view, provide a new and independent basis for overturning his sentence.

---

[5]The Court notes that there is nothing "newly discovered" in the grounds cited by Petitioner for disregarding his initial § 2255 motion. In particular, he claims that he did not authorize the filing of this initial motion, and that his attorney at the time failed to advise him of the implications of filing this motion. Be that as it may, the implications of this motion surely were evident to Petitioner by 1997, at the latest, when the Sixth Circuit treated his 1997 filing as a "second or successive" motion and this Court held that it could not consider any claims beyond the Bailey challenge that the Sixth Circuit had authorized to go forward. Indeed, Petitioner explicitly argued in his October 28, 1999 Rule 60(b) motion that his 1997 filing should be deemed his first under § 2255, evidencing his understanding of the ramifications of his attorney's filing of a prior motion under this statute. Whatever the merits of Petitioner's present challenge, then, it is clear that he could (and should) have pursued it far earlier in order to satisfy the time limits for relief under Rule 60(b).

Ordinarily, this Court would be precluded from reaching the merits of this challenge, and would instead be required to transfer the matter to the Court of Appeals for a determination whether to authorize the filing of a successive § 2255 motion that would serve as the proper vehicle for pursuing such a challenge.  See Gonzales v. Crosby, 125 S. Ct. 2641, 2647-48 (2005); In re Bowling, 422 F.3d 434, 439-40 (6th Cir. 2005).  The Sixth Circuit has expressly held, however, that "Booker's rule does not apply retroactively in collateral proceedings."  Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005).  Under these circumstances, it would be an unnecessary waste of judicial resources to transfer this matter to the Sixth Circuit, where Petitioner has no prospect of securing the appellate court's authorization to file a successive § 2255 motion raising a Booker challenge to his sentence.

     For these reasons,

     NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment, as supplemented through Petitioner's subsequent filings, is DENIED.  Moreover, in light of Petitioner's repeated filings in this case in which he revisits issues already decided by the Court, IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any further motions in this case without first seeking and obtaining leave of this Court.  Such leave shall not be granted unless Petitioner can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process.  Petitioner is specifically cautioned that any

attempt to file without first securing the required leave of the Court, or any request for leave that is frivolous or appears to have been submitted for an improper purpose, may result in the imposition of sanctions or the initiation of contempt proceedings.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated: June 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2006, by electronic and/or ordinary mail.

    s/V. Sims for LaShawn R. Saulsberry
    Case Manager