**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT L. HAWKINS,

                                                            Case No. 89-CR-80335

        Petitioner,

v.                                                           Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR LEAVE TO FILE A MOTION UNDER 28 U.S.C. § 2255**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 27, 2011        

PRESENT: Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

    By opinion and order dated June 22, 2006, this Court enjoined Petitioner Robert Hawkins from filing any further motions in the above-captioned criminal case without first seeking and obtaining leave of the Court. As explained in that opinion, "[s]uch leave shall not be granted unless Petitioner can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process." (6/22/2006 Op. at 6.) To date, Petitioner's various submissions have failed to meet these standards. Yet, he is once again before the Court, this time seeking leave to file a motion under 28 U.S.C. § 2255 in which he would challenge an amended judgment entered by

the Court in November of 1998. As discussed below, Petitioner's latest submission, like his earlier ones, fails to identify a legitimate, non-frivolous basis for the filing he proposes to make.

As Petitioner acknowledges, he has filed (at least) two prior motions seeking relief under § 2255.[1] Ordinarily, then, Petitioner would need to request authorization from the Sixth Circuit Court of Appeals in order to file yet another, "second or successive" § 2255 motion. *See* 28 U.S.C. § 2255(h); *see also In re Clemmons,* 259 F.3d 489, 491 (6th Cir. 2001). In an effort to avoid this requirement, Petitioner argues that his proposed submission under § 2255 should no longer count as second or successive, in the wake of the Supreme Court's recent decision in *Magwood v. Patterson,* 130 S. Ct. 2788 (2010). For a number of reasons, however, the ruling in *Magwood* is unavailing to Petitioner here.

In *Magwood,* 130 S. Ct. at 2793, 2803, the Supreme Court held that a state prisoner's petition for federal habeas relief did not count as "second or successive" under 28 U.S.C. § 2244(b), where this petition challenged a new sentence imposed after a federal district court had granted an earlier habeas petition and vacated the prisoner's initial sentence. In Petitioner's view, an analogous "new sentence" was issued in this case back in 1998, when the Court vacated Petitioner's conviction under 18 U.S.C. § 924(c) in light of *Bailey v. United States,* 516 U.S. 137, 116 S. Ct. 501 (1995), and issued

---

[1]The difficulty in counting Petitioner's prior motions arises from the fact that certain of his submissions purportedly were brought under Fed. R. Civ. P. 60(b), yet arguably were more properly characterized, at least in part, as seeking relief that is available only under § 2255. *See Gonzalez v. Crosby,* 545 U.S. 524, 125 S. Ct. 2641 (2005).

an amended judgment. This 1998 amended judgment did not disturb Petitioner's initial 1989 sentence on his remaining two counts of conviction — specifically, a 405-month term of imprisonment for possession with intent to distribute cocaine, and a concurrent 120-month term of imprisonment for being a felon in possession of a firearm — but vacated a consecutive 60-month term of imprisonment imposed at Petitioner's initial sentencing for his (now vacated) § 924(c) conviction.

Arguably, then, the 1998 amended judgment created an opportunity for Petitioner to seek relief under § 2255 without first securing the Sixth Circuit's authorization to file a second or successive motion.[2] Yet, this opportunity is not open-ended, as Petitioner seems to believe, but instead is sharply circumscribed in a number of respects that are fatal to Petitioner's present motion. First, even prior to the Supreme Court's decision in *Magwood,* the Sixth Circuit had already held that a § 2255 petition is not "second or successive" if it is the first such motion following resentencing. *See Lang v. United States,* 474 F.3d 348, 351-53 (6th Cir. 2007). In so ruling, however, the Sixth Circuit emphasized that a post-resentencing § 2255 motion avoids "second or successive" treatment only to the extent that it complains of errors that "originate[d] at resentencing and could not have been challenged at the original sentencing proceeding." *Lang,* 474

---

[2]No new sentencing proceeding was held prior to the entry of this 1998 judgment. Rather, the Court simply issued an amended judgment with Petitioner's § 924(c) conviction and associated 60-month sentence removed. Nonetheless, the Court assumes, for present purposes only, that the entry of this amended judgment was akin to a resentencing that, under *Magwood,* triggers an opportunity to bring a § 2255 motion challenging the resulting new sentence.

F.3d at 353.³

In this case, therefore, Petitioner may avoid § 2255's "second or successive" inquiry only insofar as he identifies errors that originated in the 1998 amended judgment and "could not have been challenged" in his earlier § 2255 motions, through which he attacked the legality of his convictions and initial 1989 sentence. It is not clear, however, what claims Petitioner could possibly wish to assert that could be deemed to have newly arisen from the 1998 amended judgment. This judgment, after all, did not disturb any aspect of Petitioner's 1989 conviction or sentence for the two offenses for which he remains incarcerated — *i.e.,* possession with intent to distribute cocaine and being a felon in possession of a firearm. Rather, the only new developments originating in the 1998 amended judgment that were not present in the earlier 1989 judgment were entirely favorable to Petitioner — namely, the vacatur of his conviction and sentence for a § 924(c) offense. Presumably, Petitioner does not wish to challenge the Court's disposition of the § 924(c) charge.

Neither does Petitioner's present motion provide any useful guidance in

---

³Nothing in *Magwood* calls into question this aspect of the ruling in *Lang.* To the contrary, the Supreme Court expressly cited *Lang* as addressing an issue that *Magwood* did not reach — namely, whether "a petitioner who succeeds on a first habeas application and is resentenced may challenge only the portion of a judgment that arose as a result of a previous successful action," or whether the petitioner may instead reach back and challenge both his new sentence and his "original, *undisturbed* conviction." *Magwood,* 130 S. Ct. at 2802 & n.16 (emphasis in original) (internal quotation marks and citations omitted). The Court explained that "[t]his case gives us no occasion to address that question," because petitioner Magwood challenged only his new sentence and did not "attempt[] to challenge his underlying conviction." 130 S. Ct. at 2802.

identifying potential § 2255 claims that he would be permitted to assert under the rulings in *Magwood* and *Lang*. He unhelpfully states that he wishes to "file a § 2255 motion challenging his 1998 amended judgment [and] raising ***all*** his claims," (Petitioner's Motion at 2 (emphasis added)), without suggesting what these claims might be or whether, as *Lang* requires, they originated with the 1998 amended judgment. Given Petitioner's history of abusive filings, the Court is unwilling to issue a blank check for him to pursue any and all § 2255 claims he might deem appropriate and permissible under the law.[4]

---

[4] At another point in his motion, Plaintiff cites the claims asserted in a § 2255 motion he filed back in 1997 as candidates for treatment as "new" claims that he should be permitted to pursue under *Magwood*. Yet, this 1997 motion predated the 1998 amended judgment — indeed, it was Petitioner's *Bailey* claim in the 1997 motion that ***brought about*** the amended judgment. Plainly, then, the claims asserted by Petitioner in 1997 cannot be construed as viable "new" challenges that originated in a 1998 amended judgment that ***had not yet been entered.*** Instead, it is clear that the claims in Petitioner's 1997 motion necessarily must have been challenging the only judgment that existed at the time — namely, the original 1989 judgment.

Undeterred by this brute logic, Petitioner insists that his 1997 motion nonetheless should be treated as his first rather than second or successive, with an earlier § 2255 motion removed from the equation because it was filed while Petitioner's direct appeal from his 1989 conviction and sentence was still pending. *See United States v. Hawkins,* 969 F.2d 169 (6th Cir. 1992) (addressing both Petitioner's direct appeal and his appeal from the denial of his initial § 2255 motion, and affirming the rulings of Judge La Plata as to each of these matters). Whatever the merit of this contention — likely none, *cf. Stewart v. Martinez-Villareal,* 523 U.S. 637, 644-45, 118 S. Ct. 1618, 1622 (1998) (holding that the claim in that case was not "second or successive" because it was previously dismissed as premature and not addressed on the merits) — it is clear that this particular effort to reset the counter on Petitioner's § 2255 motions does not rise or fall on the recent decision in *Magwood,* but rather must find support in other cases that Petitioner does not identify (and of which the Court is unaware). More importantly, any fault that Petitioner might find in the handling of his 1997 motion must be taken up with the Sixth Circuit, which is the court that characterized this motion as "second or successive," and that authorized Petitioner to pursue only his *Bailey* claim. As this Court has repeatedly reminded Petitioner over the years, it is not at liberty to overrule the Sixth Circuit's determination on this point, and nothing in *Magwood* alters this Court's obligation to follow the Sixth Circuit's ruling as the law

In any event, Petitioner arguably has already exercised any right emerging from *Magwood* to bring a § 2255 motion following his 1998 resentencing. Specifically, the record reveals that Petitioner has attempted to file at least two § 2255 motions since the entry of the 1998 amended judgment, with the Sixth Circuit declining in each instance to authorize Petitioner's proffered "second or successive" filing. *See In re Hawkins,* No. 03-2282, 3/12/2004 Order; *In re Hawkins,* No. 03-1447, 8/11/2003 Order. If Petitioner believes that the Sixth Circuit erred in characterizing these past motions as second or successive, he must persuade that court, and not this one, to correct any such error.[5] Unless and until the Sixth Circuit revisits these rulings, this Court necessarily must treat any new § 2255 motion as second or successive, as it would be brought *after* motions that the Sixth Circuit has deemed second or successive.

Finally, even if Petitioner has not yet availed himself of the opportunity purportedly arising from *Magwood,* it would appear that it is now too late to do so. A § 2255 motion ordinarily must be filed within a year after the challenged judgment has become final, *see* 28 U.S.C. § 2255(f), and this one-year statute of limitations has long since run as to the 1998 amended judgment. Nothing in *Magwood* suggests that this

---

of the case. *See Keith v. Bobby,* 618 F.3d 594, 599 (6th Cir. 2010) (observing that the law-of-the-case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved").

[5] The Court notes that in a pending appeal to the Sixth Circuit from an earlier ruling of this Court, Petitioner has sought to address the purported implications of *Magwood* in a supplemental filing. *See United States v. Hawkins,* No. 09-2523, Petitioner's 9/7/2010 Motion to Supplement.

period of limitation should be disregarded or tolled in the wake of this Supreme Court ruling,[6] or that each prisoner who has ever been resentenced now has a renewed opportunity to challenge any errors in his resentencing, no matter how long ago this proceeding might have occurred. Rather, *Magwood* presumably would, at most, only allow a court to revisit its own past characterization of a § 2255 motion as "second or successive," subject to the usual legal principles governing finality of judgments. Again, it has been the Sixth Circuit, and not this Court, that has determined that each of Petitioner's motions filed since the 1998 amended judgment was second or successive, so it must be left to that court to decide whether to revisit these rulings.

      For these reasons,

---

[6]To be sure, the one-year period may be reopened if a prisoner's claim rests upon a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Yet, *Magwood* did not recognize any such "right" within the meaning of this provision, but simply announced the proper construction of the "second or successive" language of the statute itself. This reading, as noted earlier, had already been adopted by the Sixth Circuit in *Lang*.

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's July 26, 2010 motion for leave to file a § 2255 motion (docket #288) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: June 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2011, by electronic mail and upon Robert L. Hawkins, #12938-039, Federal Correctional Facility-Miami, P.O. Box 779800, Miami, FL 33177 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager