UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. HAWKINS,

        Petitioner,

Case No. 89-CR-80335

v.

Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR LEAVE TO FILE A RULE 60(b)(4) MOTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       May 12, 2015

PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

By opinion and order dated June 22, 2006, this Court enjoined Petitioner Robert Hawkins from filing any further motions in the above-captioned criminal case without first seeking and obtaining leave of the Court. As explained in that opinion, "[s]uch leave shall not be granted unless Petitioner can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process." (Dkt. No. 264, 6/22/2006 Op. at 6.)[1] Petitioner has tried and failed on several prior

---

[1] The Sixth Circuit Court of Appeals has likewise enjoined Petitioner from "filing any further pleadings or appeals arising out of the subject matter of *United States v. Hawkins*, District Court Case No. 89-80335-001 (E.D. Mich.), without first obtaining leave of the court in

occasions to meet these standards for securing leave to file a motion; indeed, the Court's denial of a request for leave is invariably (and promptly) met with another such request, typically resting on nearly, if not exactly, the same grounds advanced in one or more of Petitioner's earlier submissions. As discussed below, Petitioner's latest request for leave fits comfortably within this pattern of repetitive filings, and fails once again to identify a legitimate, non-frivolous basis for relief from the Court's June 22, 2006 injunction.

As he has so often done before, Petitioner seeks through his present motion — supplemented no fewer than *seven (7) times* since its initial filing — to revisit the disposition of various claims he asserted in a 1997 motion brought under 28 U.S.C. § 2255. Yet, as this Court has explained on a number of occasions spanning over a decade, *see, e.g., Hawkins v. United States,* No. 89-80335, 2011 WL 2533658, at *2 n.4 (E.D. Mich. June 27, 2011); *Hawkins v. United States,* No. 89-80335, Dkt. No. 226, Opinion and Order at 6-7 & n.4 (E.D. Mich. March 14, 2000), Petitioner's complaint on this score must be directed at the Court of Appeals, and not this Court. In particular, it was the Sixth Circuit, and not this Court, that determined (i) that Petitioner's 1997 motion was properly viewed as "second or successive" within the meaning of § 2255, and thus could not be addressed absent authorization by the Court of Appeals, and (ii) that of the claims

---

which he seeks to file the pleading or appeal." *United States v. Hawkins,* No. 09-2523, Dkt. No. 70, Order at 1-2 (6th Cir. March 28, 2012). The Sixth Circuit, like this Court in its June 22, 2006 ruling, has emphasized that leave may not be granted unless Petitioner certifies (i) "that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court," and (ii) "that his action is taken in good faith and that the claims he raises are not frivolous or malicious." *Id.* at 2.

asserted in this motion, Petitioner would be permitted to proceed only with his claim that his conviction for violating 18 U.S.C. § 924(c) must be vacated in light of *Bailey v. United States,* 516 U.S. 137 (1995). *See In re Hawkins,* No. 96-8041, Dkt. No. 18, 12/2/1996 Order. These determinations by the Sixth Circuit are the law of the case, and this Court has repeatedly reminded Petitioner that it is not free to overrule or otherwise deviate from the Sixth Circuit's instruction that only Petitioner's *Bailey* claim was eligible for consideration by this Court. *See, e.g., Hawkins,* 2011 WL 2533658, at *2 n.4.

Against this backdrop, the Court turns to the specific issues raised in Petitioner's present motion and supplemental submissions. In his initial motion, and again in at least two of his supplemental filings, Petitioner argues that he is entitled to a ruling on the merits of the non-*Bailey* claims he asserted in his 1997 § 2255 petition. Plainly, however, this well-worn contention does not remotely qualify as a "new" issue that would warrant relief from the injunctions imposed by this Court and the Sixth Circuit alike. To the contrary, the Court reiterates that it remains bound by the Sixth Circuit's rulings that Petitioner's 1997 motion was "second or successive" under § 2255, and that Petitioner was authorized to pursue only the *Bailey* claim advanced in this petition.

This same "law of the case" rule defeats several other arguments raised in Petitioner's present motion and supplemental filings. In particular, Petitioner points to various Supreme Court and Sixth Circuit rulings as purportedly lending additional support to the non-*Bailey* claims he asserted in his 1997 motion, including (i) his claim that a four-point leadership enhancement was erroneously added to his offense level

under the U.S. Sentencing Guidelines, (ii) a claim that he received ineffective assistance of appellate counsel on his direct appeal from his conviction, and (iii) a claim that the prosecution violated its duty under *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963), to disclose certain allegedly exculpatory evidence prior to his trial.  Yet, because Petitioner failed to secure the necessary authorization from the Sixth Circuit to pursue these non-*Bailey* claims in a "second or successive" motion brought under § 2255, there is no basis for this Court to consider the merits of these claims, much less determine how the case law cited by Petitioner might bear upon these claims.

Next, Petitioner points to a pair of recent Supreme Court decisions, *DePierre v. United States,* 131 S. Ct. 2225 (2011), and *Alleyne v. United States,* 133 S. Ct. 2151 (2013), as purportedly calling into question the lawfulness of his sentence.  Because these are new claims never before raised by Petitioner, he would need to ask the Court of Appeals, and not this Court, to authorize the filing of a second or successive § 2255 motion in which he could pursue these claims.  *See* 28 U.S.C. § 2255(h)(2).  It would be utterly futile, however, to transfer this matter to the Sixth Circuit for a "second or successive" inquiry, where neither *DePierre* nor *Alleyne* has been "made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2), such that these decisions could form the basis for a second or successive § 2255 petition.  Indeed, the Sixth Circuit has expressly held that "*Alleyne* has **not** been made retroactive to cases on collateral review by the Supreme Court."  *In re Mazzio,* 756 F.3d 487, 488 (6th Cir. 2014) (emphasis added).  As for *DePierre,* this decision does not announce a "new rule of

4

constitutional law," § 2255(h)(2), as necessary to support a second or successive petition under § 2255, but instead interprets the "cocaine base" language used in two provisions of a federal drug statute, 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). *See DePierre,* 131 S. Ct. at 2227-28. Moreover, the issue of statutory construction addressed in *DePierre* has no evident application here, where Petitioner was convicted of possession with intent to distribute powder cocaine, rather than crack cocaine or cocaine base.[2] Thus, Petitioner's appeals to *DePierre* and *Alleyne* fail to provide a nonfrivolous ground for this Court to transfer this matter to the Sixth Circuit for a determination whether to authorize a second or successive filing under § 2255.

Finally, Petitioner points to the Sixth Circuit's recent decision in *Ajan v. United States,* 731 F.3d 629 (6th Cir. 2013), as calling into question whether the Court of Appeals should have insisted that he obtain a certificate of appealability ("COA") in order to pursue an appeal from this Court's disposition of his 1997 § 2255 petition and its entry of a November 2, 1998 amended judgment vacating Petitioner's § 924(c) conviction in light of the Supreme Court's *Bailey* decision. Again, however, Petitioner's quarrel here is with a decision of the Court of Appeals that a COA was required to appeal this Court's rulings and amended judgment, and this Court is not at liberty to decide whether the Sixth

---

[2] It also is worth noting that *DePierre* adopted a broad definition of the term "cocaine base" as encompassing "cocaine in its chemically basic form," and not just "what is colloquially known as 'crack cocaine.'" *DePierre,* 131 S. Ct. at 2227-28. It seems doubtful, then, that this decision could support a claim for a reduced sentence for a cocaine trafficking offense, regardless of whether this offense involved powder cocaine or cocaine base.

Circuit might have erred in imposing this requirement.[3]

For these reasons,

---

[3] Throughout this opinion, the Court has accepted without discussion Petitioner's appeal to Fed. R. Civ. P. 60(b)(4) as providing a mechanism through which he may pursue the various challenges raised in his recent filings. Yet, it is exceedingly difficult to see how any of Petitioner's challenges, even if allowed to go forward, could lead to an award of relief under Rule 60(b)(4) on the ground that a ruling or judgment of this Court is "void." Rather, Petitioner's complaints here — like the vast majority of those he has raised in the past — amount to claims of legal error in the rulings of this Court and the Court of Appeals. As this Court has explained in a number of its past orders in this case, (*see, e.g.,* 6/26/2006 Op. at 3; 3/14/2000 Op. at 2-3), and as the Sixth Circuit has confirmed, *see United States v. Hawkins,* No. 00-1372, 3 F. App'x 327, 328 (6th Cir. Jan. 29, 2001), a claim of legal error in a district court's ruling or judgment is governed by the standards of Rule 60(b)(1), which authorizes relief from a "mistake" in an order or judgment. The applicability of Rule 60(b)(1), in turn, raises issues of timing that Petitioner seemingly cannot satisfy here. *See* Fed. R. Civ. P. 60(c)(1) (dictating that a motion brought under Rule 60(b)(1) must be filed "no more than a year after the entry of" the challenged judgment or order). Nonetheless, the Court ultimately finds it unnecessary to determine the validity of Petitioner's appeal to Rule 60(b)(4), because his recent submissions do not meet the standards imposed by this Court and the Sixth Circuit for securing leave to file a motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's March 26, 2012 motion for leave to file a Rule 60(b)(4) motion (docket #294), as supplemented by a number of more recent filings (docket #s 296, 297, 301, 303, 306, 308, and 309) is DENIED.  IT IS FURTHER ORDERED that Petitioner's January 22, 2014 motion for a ruling on his motion for leave (docket # 310) and his July 25, 2014 motion for a status report (docket #313) are DENIED AS MOOT.

Finally, to the extent that Petitioner might need to secure a certificate of appealability in order to pursue an appeal from the present ruling, the Court concludes that no such certificate should issue.  Rather, because Petitioner's recent submissions merely rehash arguments and claims made (and rejected) in prior filings, it readily follows that he has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

SO ORDERED.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated:  May 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2015, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5135